■ WESLEY STYLES et al., Appellants, v ANDREW J. DOLFINI, JR., et al., Respondents.—In an action, *inter alia,* to declare certain provisions of an agreement between plaintiff Styles and defendant Dolfini illegal, void and unenforceable, and for an accounting, or, in the alternative, if such provisions cannot be declared illegal, void, and unenforceable without rendering the entire agreement illegal and ineffective, for an injunction against the enforcement of such agreement and for the return of moneys paid pursuant to it, plaintiffs appeal from so much of a judgment of the Supreme Court, Queens County, dated October 14, 1976, as, upon plaintiffs' motion and defendants' cross motion for summary judgment, declared that the agreement provided for a valid transfer of a certificate of public convenience and necessity issued by the Interstate Commerce Commission. Judgment modified, on the law, by deleting from the first decretal paragraph thereof the language beginning with the word "Certificate" and ending with the words "issued by the Interstate Commerce Commission" and substituting therefor the words: "all the outstanding stock of Redner Trucking, Inc.". As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. The face of the agreement clearly indicates that the transfer from Dolfini to Styles consisted of Redner's stock rather than its assets

including its certificate of public convenience and necessity. Neither the literal terms of title 49 (§ 5, subd [2], par [a], cl [i] of the United States Code, nor those of 49 CFR 1132.1, provide that such a transaction may not be lawfully consummated without prior approval by the Interstate Commerce Commission. Cohalan, J. P., Damiani, Rabin and Titone, JJ., concur.